IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| DANIEL MALSCH | : | BANKRUPTCY NO.: 5-13-bk-04426-JJT |
|         DEBTOR | : | |
| | : | |
| DANIEL MALSCH, | : | {**Nature of Proceeding**: Plaintiff's Motion to Dismiss Counterclaim (Doc. #13)} |
|         PLAINTIFF | : | |
| vs. | : | |
| SONGSHOOTER FOUNDATION CORP., SONGSHOOTER FOUNDATION, INC., DANIEL WISE a/k/a DANIEL WISEHAUPT, and MEISTER SEELIG & FEIN, LLP | : | |
|         DEFENDANTS | : | **ADVERSARY NO.: 5-16-ap-00016-JJT** |

# OPINION[1]

The Plaintiff has filed a Motion to Dismiss the Counterclaim (Doc. #13). The crux of Count I of the Complaint and the allegations of the Counterclaim deal primarily with a contest between the parties as to who is the legal owner of certain equipment.

The arguments advanced by the Plaintiff in its brief proceed on two distinct paths. The first argument is that judicial estoppel requires the dismissal of the Counterclaim. In that regard, the Plaintiff directs the Court's attention to two earlier bankruptcies filed by Defendant, Daniel Wise, at bankruptcy case dockets 5:12-bk-06092 and 5:12-bk-06745. The Court's attention is drawn to those two cases not for what information the Debtor provided in his schedules and statement of financial affairs, but rather, omissions in those schedules and statements. Particularly, Plaintiff indicates that in both cases, Wise did not disclose he had an interest in the equipment subject to the Complaint and Counterclaim and certain alleged leases and business

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

supplies. Plaintiff's argument continues it is the non-disclosure of the assets in the earlier cases which permits this Court to find an inference of bad faith as an essential element of judicial estoppel with a resulting sanction of dismissal of the Counterclaim. The seminal case in the Third Circuit addressing judicial estoppel is the case of *Scarano v. Central Railroad Company*, 203 F.2d 510 (3rd Cir. 1953). Therein, the Court writes that "[a] plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with this earlier contention." *Scarano*, 203 F.2d at 513. Further, *Krystal Cadillac-Oldsmobile GMC Truck, Inc., v. General Motors Corp.*, 337 F.3d 314 (3rd Cir. 2013), identified certain criteria for application of the judicial estoppel doctrine.

> First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. Second, judicial estoppel is unwarranted unless the party changed his or her position "in bad faith –i.e., with intent to play fast and loose with the court." Finally, a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and no lesser sanction would adequately remedy the damage done by the litigant's misconduct. *Citing Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773 (3rd Cir. 2001).

For his part, Defendant Wise argues the prior short-lived bankruptcies that resulted in no discharge being granted were filed in good faith under the guidance of a lawyer representing Wise. Mr. Wise also claims certain items were not of his understanding to be disclosed in the schedules. He further argues there was no presentation of facts to support an argument that Wise benefitted from the failure to list equipment or leases on the prior-filed bankruptcies or that Wise was successful in asserting inconsistent positions. Clearly, I would have to look outside the counterclaim to ascertain the good or bad faith of the Defendants. This is something I cannot do under Rule 12.

At this stage of the pleadings and the current state of the record, the Court is not prepared to find all the criteria are present to impose the application of judicial estoppel on the counter-

claimant by dismissing the Counterclaim, without the creation of a proper factual record being made.

The second argument advanced by the Plaintiff is the Counterclaim fails to state a claim upon which relief can be granted. He asserts that a reading of the Counterclaim, including the request for relief and the wherefore clause, "appears to concede that there was no viable lease agreement for Wise to assign to Songshooter, as Wise was in breach of his terms upon execution and then again by his failure to deliver all the Equipment." See Brief in Support at ¶ III.B. (Doc. #14). This Court simply does not read the Counterclaim in the same way or draw the same conclusion the Plaintiff has in support of the Rule 12(b)(6) portion of the Motion to Dismiss the Counterclaim. The pleadings at this stage certainly raise a number of factual disputes, and a reading of the Counterclaim meets the pleading requirements established by *Bell Atlantic Corp. v. Twombly, et al.*, 550 U.S. 544 (2007), as applied by the Third Circuit in the case of *Philips v. County of Allegheny,* 515 F.3d 224 (3rd Cir. 2008).

It is for all the foregoing reasons the Court denies the Motion to Dismiss the Counterclaim. The Plaintiff is directed to file and serve an Answer to the Counterclaim on or within twenty-one (21) days of the date of this Opinion and its accompanying Order.

My Order will follow.

By the Court,

_____
John J. Thomas, Bankruptcy Judge
(CMS)

Date: August 16, 2016